## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **FIRST AMERICAN FINANCIAL** | * |
| **CORPORATION** | * |
| **1 First American Way** | * |
| **Santa Ana, California 92707** | * |
| **Plaintiff,** | * |
| v. | *   CIVIL ACTION NO.:_____ |
| **HOMEFREE USA, INC.** | * |
| **3401A East-West Highway** | * |
| **Hyattsville, Maryland 20782** | * |
| **SERVE ON:** | * |
| **Resident Agent:** | * |
| **Marcia Griffin** | * |
| **1202 Burton Street** | * |
| **Silver Spring, Maryland 20910** | * |
| **Defendant** | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **COMPLAINT**

Plaintiff First American Financial Corporation ("First American"), by its counsel, Ira L. Oring, and Fedder and Garten Professional Association, sues Defendant HomeFree USA, Inc. ("HomeFree"), and alleges as follows:

1.   The Plaintiff First American is a Delaware corporation with its principal place of business in Santa Ana, California.

2.   The Defendant HomeFree is a Maryland corporation with its principal place of business in Silver Spring, Maryland.

3.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1), in

that there exists complete diversity of citizenship between the parties and the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

4. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(c), as the Defendant corporation is subject to this Court's personal jurisdiction in this matter, and further conducts business in the State of Maryland.

5. On or about February 27, 2006, First American Corporation entered into a Loan Agreement with NHSA JPS, LLC ("NHSA"), whereby First American Corporation provided a loan to NHSA in the amount of Seven Million Five Hundred Thousand Dollars ($7,500,000.00).  Pursuant to a Second Amendment to the Loan Agreement dated November 3, 2006, the maximum term of the loan was increased to Nine Million Five Hundred Thousand Dollars ($9,500,000.00), with the intention that NHSA would loan the additional $2,000,000 to Defendant HomeFree.

6. On or about October 25, 2006, Defendant HomeFree entered into a Loan Agreement with NHSA JPS, LLC ("NHSA") (the "Loan Agreement"), whereby NHSA agreed to make loan advances to HomeFree not to exceed the sum of Two Million Dollars ($2,000,000.00).  At the same time, HomeFree executed a Promissory Note, in favor of NHSA, promising to repay the funds advanced pursuant to the terms of the Loan Agreement (the "Promissory Note").   On or about September 22, 2009, NHSA and HomeFree entered into a First Amendment to the Loan Agreement, which attached an Amortization and Advance Schedule ("Amortization Schedule") providing for repayment of the amounts advanced.

7. Pursuant to the Loan Agreement as amended and the Promissory Note, NHSA made advances of Two Million, One Hundred Seventy-Three Thousand, Eight Hundred and Twenty-Four Dollars and Twenty-Six Cents ($2,173,824.26) to HomeFree.   HomeFree was

required to begin making payments of principal and interest beginning February 15, 2009, and then continuing periodically as set forth in the Amortization Schedule.

8. NHSA assigned to First American all of its rights under the Loan Agreement and Promissory Note.

9. Section 7.1 of the Loan Agreement defines "Events of Default". Particularly, Section 7.1(A) provides that a "[f]ailure to pay any installment of principal of, or interest on, the Note when due or any other monetary obligations as required hereunder" is an Event of Default.

10. Section 7.2 of the Loan Agreement provides for remedies upon default, which include that the Lender or holder of the Promissory Note may, among other things, declare the Promissory Note to be immediately due and payable, and may exercise any and all other rights and remedies appropriate at law or equity.

11. Section 7.3 of the Loan Agreement provides that upon default, any sums collected shall be applied first to the payment of all expenses incurred by the lender in enforcing its rights, "including without limitation all costs and expenses of collection, attorneys' fees, court costs, and foreclosure expenses", and then to amounts owed under the loan documents.

12. Since the Assignment to First American, HomeFree has failed to make a single payment as required by the Note and the Loan Agreement, as amended, and has thus breached its obligations under the loan documents.

13. On or about June 29, 2012, First American provided HomeFree with notice of its default, and declared the Promissory Note to be immediately due and payable.

14. HomeFree continues to be in default with regard to its obligations pursuant to the terms of the Loan Agreement and the Promissory Note. The total amount includes outstanding principal of Two Million, One Hundred and Twenty-Nine Thousand, Six Hundred Eighty-Seven

Dollars and Ninety-One Cents ($2,129,687.91), plus accrued interest thereon pursuant to the Amortization Schedule.

WHEREFORE, Plaintiff First American Financial Corporation demands judgment against Defendant HomeFree USA, Inc. in the amount of $2,500,000.00, prejudgment interest through the date of judgment, costs and expenses, reasonable attorneys' fees, and such further and other relief as the Court deems just and proper.

      */s/ Ira L. Oring*
Ira L. Oring (Bar No. 00733) ilo@fedgar.com
Federal Bar No. 00733
Fedder and Garten Professional Association
36 South Charles Street, Suite 2300
Baltimore, Maryland 21201
(410) 539-2800
Attorneys for Plaintiff