```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

**FIRST AMERICAN FINANCIAL**           *
**CORPORATION**

        **Plaintiff**            *

    **v.**                        *      CIVIL NO. 1:12-cv-02888-ELH

                                                *

**HOMEFREE USA, INC.**
                                                *

        **Defendant.**
                                                *

## REPORT AND RECOMMENDATION

There are three motions presently pending before the court: Defendant's Motion to Vacate Order of Default Judgment and Leave to File Answer (ECF No. 15), defendant's Motion for Leave of Court to File Memorandum of Law in Support of Defendant's Motion to Vacate Order of Default (ECF No. 23) and plaintiff's Motion for Entry of Default Judgment by Clerk (ECF No. 18). Briefing is complete. By orders of reference dated December 12, 2012 and April 12, 2013, the Honorable Ellen L. Hollander referred the above motions to a magistrate judge for review (ECF Nos. 19 and 25). For the following reasons, I recommend that defendants' motions be GRANTED and the plaintiff's motion be DENIED.

### I. Background

A. <u>Factual Background</u>

Plaintiff First American Financial Corporation ("First American") alleges the following in its complaint. On or about October 25, 2006, defendant Homefree USA Inc. ("Homefree"), entered into a loan agreement with NHSA JPS, LLC ("NHSA") whereby NHSA agreed to make loan advances to HomeFree not to exceed the sum of two million dollars. (ECF No. 1, ¶ 6). On or about September 22, 2009, NHSA and Homefree entered into a First Amended Loan Agreement. (Id.). Pursuant to the Loan Agreement as Amended, NHSA made advances of $2,173,824.26 to Homefree. (Id., ¶ 7). NHSA's rights under the loan were subsequently assigned to plaintiff. (Id. at ¶ 8). Defendant failed to make any payments on the loan. (Id. at ¶ 12). Defendant was given notice of its default but all loan payments remain outstanding. (Id. at 13). As a result, plaintiff asks for judgment in the amount of $2,500,000, prejudgment interest through the date of judgment, costs and expenses, and reasonable attorney's fees. (Id. at 14).

B. Procedural Background

Plaintiff filed a complaint based on diversity jurisdiction on September 27, 2012. (ECF No. 1). Defendant was served on October 19, 2012. (ECF No. 9). Its answer was due on or before November 9, 2012. On November 9, defendant's counsel, Robert Sharp Jr., filed a motion for admission pro hac vice. (ECF No.

10). The motion was rejected, however, due to Mr. Sharp's failure to sign the document. (ECF No. 12).

On November 14, the Clerk entered an entry of default. (ECF No. 13). On November 28, Mr. Sharp filed a corrected motion to appear pro hac vice. (ECF No. 14). On the same day, defendant filed a motion to vacate the entry of default. (ECF No. 15). Plaintiff filed a response opposing this motion on December 3, 2012, and a motion for default judgment on December 4, 2012. (ECF No. 17; ECF No. 18). Defendant filed an opposition to plaintiff's motion for default judgment on December 21, 2012. (ECF No. 21).

On April 9 2013, defendant filed a motion requesting the Court's leave to file a memorandum and affidavit in support of its November 28 motion to vacate the entry of default. (ECF No. 23). Defendant acknowledges that Local Rule 105.1 requires that a memorandum be attached to defendant's initial motion to vacate, but asks for the Court's leave to belatedly file its memorandum and affidavit in support of the motion. Defendant's memorandum and affidavit were attached to the motion. On April 19, plaintiff filed its opposition to this motion.

Briefing is complete on all the three motions.

## II. Analysis

## A. Motion for Leave of Court to File Memorandum of Law in Support of Defendant's Motion to Vacate Order of Default (ECF No. 23)

At the outset, the Court must determine whether to consider defendant's late submission of a memorandum and two affidavits in support of its motion to vacate entry of default. Pointing to Fed. R. Civ. P. 6(b), plaintiff argues that defendant has failed to demonstrate "excusable neglect" sufficient to allow the Court to consider its untimely submission. (ECF No. 26, 3-4). In reply, defendant argues that the strong preference that defaults be avoided mandates that its submission be reviewed. (ECF No. 27, 2).

The Fourth Circuit has interpreted "excusable neglect" to encompass "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the parties control." Symbionics Inc. v. Ortlieb, 432 Fed. Appx. 216, 219 (4th Cir. 2011)(quoting Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (U.S. 1993)). The Supreme Court has found that the inquiry is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including:

> the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Pioneer, 507 U.S. at 388; Symbionics, 432 Fed. Appx. at 219.

Defendant here has not advanced any specific excuse for its failure to submit a memorandum of law accompanying its motion to set aside entry of default. Despite this failure, the Court finds that equity requires that the memorandum and accompanying affidavit be reviewed. Plaintiff faces little prejudice due to the late filing: the Court is yet to rule on the motion and plaintiff has had the opportunity to respond to the memorandum and affidavit. Second, and more important, defendant rightly notes that there is a strong policy that defaults be avoided and that motions to set aside a default be liberally construed. In furtherance of this policy, the Court would benefit by counsel's advocacy. Third, a large amount of money is at issue and defendant asserts that there exists a meritorious defense. While defendant has not conducted itself admirably in the case thus far, its failures appear to be based on inadvertence or carelessness. Accordingly, the Court shall consider its memorandum and affidavit in light of all the relevant circumstances, in the pursuit of justice.

**B. Defendant's Motion to Vacate Order of Default and For Leave to File Answer (ECF No. 15)**

Pursuant to Fed.R.Civ.P. 55(c), a court may "set aside an entry of default for good cause." The Fourth Circuit has a "strong policy that cases be decided on their merits." United

States v. Shaffer Equip. Co., 11 F.3d 450, 453 (4th Cir. 1993). Default judgments are generally viewed as a "drastic method of effecting compliance with the rules of procedure." 10A Fed. Prac. & Proc. Civ. § 2693 (3d ed.). As such, a motion to set aside a default must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 421 (4th Cir. 2010) (quoting Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969)). Generally, "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." Tolson, 411 F.2d at 130. This policy is particularly strong in cases involving large sums of money or when injunctive relief is requested. 10A Fed. Prac. & Proc. Civ. § 2693 (3d ed.).

In analyzing a motion to set aside entry of default, a district court should consider the following factors: (1) whether the moving party has a meritorious defense; (2) whether it acts with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) the prejudice to the party; (5) whether there is a history of dilatory action; and (6) the availability of sanctions less drastic. Payne v. Brake, 439 F.3d 198, 205 (4th Cir. 2006); see also Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251

(4th Cir. 1967). The Court will address the first five factors in turn.[1]

**1. Meritorious Defense**

Defendant contends that the loan at issue was not properly assigned to plaintiff. In support, defendant submits the loan agreement, which contains the clause: "[t]his agreement is not assignable without the prior written consent of the other party, which shall not be unreasonably withheld." (ECF No. 23-4, 9). Defendant has also submitted the affidavit of James M. Griffin, Chief Operating Officer of Homefree, who states that he "refused to give . . . consent to any assignment of the NHSA loan" to First American. (ECF No. 23-3, ¶ 7). As such, plaintiff argues, the central issue is whether this consent was unreasonably withheld, a question of fact reserved for trial. (ECF No. 23-1, 5).

In reply, plaintiff argues that it did in fact receive written consent to the assignment (ECF No. 26, 8-9), and submits email correspondence between the parties as support. (ECF Nos. 26-4 and 26-5). While the emails appear to show that defendant was agreeable to the assignment as of September – October 2010, it is also clear that the parties anticipated execution of a written assignment. No one claims that such a written

---

[1] Plaintiff has not requested alternative sanctions in this case.

7

assignment was executed by an authorized representative of defendant.

Alternatively, plaintiff argues that defendant unreasonably withheld consent to the assignment. (ECF No. 26, 9). Defendant has sets forth its reasons for denying assignment. Whether the facts will support that those were the reasons and whether those reasons provide a reasonable basis for withholding consent will have to be litigated.

Accordingly, plaintiff's arguments are premature. To establish a meritorious defense, the moving party need only proffer evidence that, <u>if believed</u>, would permit a finding for the defaulting party. <u>Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.</u>, 843 F.2d 808, 812 (4th Cir. 1988). Plaintiff has neither argued nor supported that the proffered reasons for withholding consent are unreasonable under the contract and governing law. Thus, defendant has offered evidence that, if taken as true, might permit a finding in its favor. Any dispute over the credibility or strength of this evidence is reserved for subsequent proceedings. The Court finds that for purposes of this motion, defendant has offered a meritorious defense, and this factor weighs for the defendant.

**2. Reasonable Promptness**

Plaintiff notes that the motion to vacate was filed almost three weeks after the time for pleading was expired. While acknowledging that the "delay itself was not lengthy," plaintiff argues that "the circumstances were egregious." (ECF No. 17, 3). The circumstances of the delay are more relevant to factor three, the responsibility of the defaulting party, and will be addressed infra. As plaintiff acknowledges that the delay here was relatively short, the Court finds this factor weighs for the defendant.

**3. Personal Responsibility of Defendant**

Plaintiff argues that defendant bears significant responsibility for the default: "Homefree was well aware that a lawsuit had been filed against it seeking more than $2,000,000 in damages, and it had a substantial opportunity to retain counsel well before the time for its response to the Complaint was due." (ECF No. 17, 4). Plaintiff further argues that this failure was particularly egregious because defendant "purposefully chose to ignore the rules establishing the time period to respond to a Complaint." (ECF No. 17, 4). In response, defendant acknowledges responsibility for the default, but argues that its error was neither intentional nor egregious: "Defendant simply didn't do it right." (ECF No. 23-1, 4).

9

In considering personal responsibility, district courts in the Fourth Circuit have found that default judgment "is reserved only for cases where the party's noncompliance represents bad faith or complete disregard for the mandates of procedure and the authority of the trial court." Russell v. Krowne, No. DKC 08-2468, 2013 WL 66620 (D. Md. Jan. 3, 2013); Mezu v. Morgan State Univ., No. 09-2855, 2010 WL 1068063, at *6 (D.Md. Mar.18, 2010).

The Court agrees with defendant that this is a case of negligence – but not gross negligence or bad faith. Letters between the parties suggest that defendant belatedly retained out of state counsel on or just before November 9th, the day an answer was due. (ECF No. 20-1, 1). A further delay resulted from counsel's incorrectly filed motion to appear pro hac vice. (ECF No. 12). By the time counsel properly obtained pro hac vice admission, the deadline to answer had passed and default entered.

This series of events, while demonstrating negligence on the part of defendant, does not reflect "bad faith" or "complete disregard for the mandates of procedure." As such, the Court finds that this factor weighs slightly in favor of defendant.

### 4. Prejudice and History of Dilatory Actions

The final two factors can be dealt with together. The Court finds that the plaintiff has not experienced significant

prejudice as a result of defendant's failure to reply.  While plaintiff emphasizes that it expended resources in order to obtain an entry of default, this alone is not sufficient prejudice to preserve a default in the face of a motion to vacate.

The Complaint demonstrates that the defendant was lent over $2,000,000.00 and that the loan was not repaid.  The plaintiff as putative assignee is owed a prompt adjudication of its rights.  But this situation with its delay does not yet amount to prejudice of the kind that would compel a denial of the pleading motion to vacate.  This factor weighs slightly in favor of defendant.

As to a history of dilatory actions, the case is closer. Plaintiff makes several excellent points, demonstrating the lackadaisical attitude of the defendant and/or its counsel. First, the defense counsel wrote on the last date to answer the complaint, advising plaintiff's counsel that he "will be seeking an extension of time to file our appearance, responsive pleading and/or answer, along with any affirmative defenses to the complaint at bar." (ECF No. 26-1)  Second, Mr. Sharp's motion for admission pro hac vice (ECF No. 10) was defective.  The Clerk's Office notified him of the defect on November 14 and terminated the motion (ECF no. 12).  Third, Mr. Sharp did not

file a corrected motion to appear pro hac vice for two weeks –
November 28. Nor did Mr. Brian McDaniel, who stated in the
original motion that he would "serve as co-counsel in these
proceedings," file a motion for extension of time to file an
appearance. On November 28, Mr. McDaniel did file a Motion to
Vacate Order of Default and for Leave to File an Answer (ECF No.
15); however, that motion was defective, as well, as it was not
accompanied by a "memorandum setting forth the reasoning and
authorities in support of it." Local Rule 105.1. While not
demonstrably intentional, these failures have delayed the
litigation of this case and further failure to abide
scrupulously with the rules and deadlines will not be tolerated.
This factor thus favors plaintiff.

On balance, the factors favor the granting of the motion to
vacate.

### III. Conclusion

For the reasons set forth above, the undersigned recommends
that Defendant's Motion to Vacate Order of Default and for Leave
to File Answer (ECF No. 15) and defendant's Motion for Leave of
Court to File Memorandum of Law in Support of Defendant's Motion
to Vacate Order of Default (ECF No. 23) be GRANTED, and that
plaintiff's Motion for Entry of Default Judgment by Clerk (ECF
No. 18) be DENIED.

Date: 6/12/13                              /s/
                              Susan K. Gauvey
                              United States Magistrate Judge